UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. _____

HYUNDAI MOTOR COMPANY and
HYUNDAI MOTOR AMERICA, INC.,

    Plaintiffs,

vs.

HYUNDAI TECHNOLOGY GROUP, INC.,
GENERAL PROCUREMENT, INC., and
HYUNDAI TECHNOLOGY, INC.,

    Defendants.
_____/

**EXPEDITED MOTION TO FOR PROTECTIVE ORDER
REGARDING SUBPOENA TO OFFICE DEPOT, LLC AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

**\*\* Expedited Ruling Requested Pursuant to Local Rule 7.1(d)(2) \*\***

> **Office Depot, LLC has been served with a subpoena in a third-party lawsuit. The subpoena unilaterally schedules a deposition of Office Depot for September 20, 2024. Counsel for Office Depot is unavailable on that date and has requested the deposition instead be conducted during the week of September 30.**
>
> **In light of the currently scheduled deposition on Friday September 20, Office Depot respectfully requests that the Court rule on this motion on or before Thursday September 19.**

Deponent, Office Depot, LLC ("Office Depot"), pursuant to Fed. R. Civ. P. 45(d), respectfully requests that the Court issue a protective order cancelling a

deposition scheduled for September 20, 2024. In support of this request Office Depot states:

## FACTUAL BACKGROUND

1. This proceeding arises out of a lawsuit pending in the United States District Court for the Central District of California, *Hyundai Motor Co., et al. v. Hyundai Tech. Group, Inc.*, Civil Action No. 8:23–cv–1709–CBM (the "Litigation" or "California Litigation").

2. Based upon the complaint filed in the Litigation, Plaintiffs, Hyundai Motor Company and Hyundai Motor America, Inc. (together, "Plaintiffs"), are suing Defendants, Hyundai Technology Group, Inc., General Procurement, Inc. and Hyundai Technology, Inc. (tougher, "Defendants") for trademark dilution, unfair competition, and related actions. *See* ECF No. 1 in California Litigation (complaint).

3. On or about September 9, 2024, Plaintiffs served Office Depot with a subpoena (the "Subpoena"). A copy of the Subpoena and related documents, such as a service of process transmittal summary, is attached as **EXHIBIT "A"**.

4. The Subpoena unilaterally schedules the deposition of Office Depot for Friday September 20, 2024. However, counsel that Office Depot has designated to defend the deposition is out of the country on that date. Office Depot has suggested that the deposition instead occur on September 30, October 1 or October 2, 2024.

5. Plaintiffs have not agreed to this request. In particular, Plaintiffs allege that the discovery cutoff in the Litigation is September 20, 2024, and that

{1031/000/00587865}

continuing the deposition will preclude it from occurring. Office Depot has suggested that Plaintiffs file a motion to extend the discovery deadline to permit the deposition to occur but, upon information and belief, Plaintiffs have not done so.

## ARGUMENT

Fed. R. Civ. P. 45 governs subpoenas. The language of the rule is clear that "the court for the district where compliance is required must wash or modify a subpoena" in various circumstances. Fed. R. Civ. P. 45(d)(3)(A). The Subpoena directs compliance in the Southern District of Florida, and this Court therefore has jurisdiction over the dispute. *See* Fed. R. Civ. P. 45(c) and (d)(3)(A); *Brady v. Lee*, No. 14–23307, 2014 WL 12580025, at *2 (S.D. Fla. Oct. 29, 2014).

Plaintiffs have breached Rule 45(d) by: (1) scheduling the deposition without agreement from Office Depot, and (2) scheduling the deposition on eleven days' notice, i.e. the time period between the September 9 service date of the Subpoena and the September 20 deposition. *See Rutland v. Robinson Prop. Group, LLC*, No. 3:21–CV–234–MPM–JMV, 2023 WL 2801186, at *3 (N.D. Miss. Apr. 5, 2023) ("…Plaintiff had a duty under Fed. R. Civ. P. 45(d) to take steps to avoid undue burden and expense, and Plaintiff has breached that duty by failing to confer regarding the scheduling of party depositions. In addition to undue burden Fed. R. Civ. P. 45(d)(3)(i) requires the Court to quash subpoenas when there is not reasonable time given to comply.").

Indeed, Local Rule 26.1(h) requires "a party desiring to take the deposition in another State of any person upon oral examination…at least fourteen (14) days'

{1031/000/00587865}

notice in wiring to every other party to the action and the deponent (if the deposition is not a party). Failure to comply with this rule obviates the need for a protective order." The Subpoena, which again scheduled the deposition on eleven days' notice, is thus arguably invalid under the Local Rules.

Finally, while Office Depot is not a party to the California Litigation, the existence of a September 20, 2024 discovery deadline should not weigh in favor of permitting the deposition. The Litigation was filed almost eighteen months ago, on March 24, 2023. ECF No. 1 in California Litigation. If Plaintiffs indeed waited until the last day of discovery to set the Office Depot deposition, they should bear the consequences of that decision and not Office Depot. Plaintiffs are also free to seek an extension of their deadline in the district court where the California Litigation is pending.

## GOOD FAITH CERTIFICATION

Pursuant to Fed. R. Civ. P. 37 and 45, and Local Rule 7.1(a)(3), the undersigned certifies that he has conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised herein and has been unable to do so. Additionally, counsel for Office Depot conferred with Defendants regarding this matter. Defendants oppose a continuance of the discovery deadline and do not believe the deposition is necessary in any event as, in their view, Plaintiffs have not provided any offer of proof as to why it would be relevant to the Litigation.

WHEREFORE, Office Depot respectfully requests the entry of an order quashing the Subpoena and cancelling the September 20, 2024 deposition.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 12, 2024, a true and correct copy of the foregoing was furnished: (1) via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case, and (2) via first class U.S. mail and email to the parties listed below:

Hyundai Motor America, Inc.
c/o O'Melveny and Myers LLP
400 South Hope Street, 19th Floor
Los Angeles, CA 90071

Hyundai Motor Company
c/o O'Melveny and Myers LLP
400 South Hope Street, 19th Floor
Los Angeles, CA 90071

Hyundai Technology Group, Inc.
c/o Rutan and Tucker LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612

General Procurement, Inc.
c/o Rutan and Tucker LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612

Hyundai Technology, Inc.
c/o Rutan and Tucker LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612

kalvarado@omm.com
sandrews@omm.com
deberhart@omm.com
aliang@omm.com
jfowler@omm.com
kgosewehr@omm.com
lsimmons@omm.com
pplassio@omm.com

roines@rutan.com
aangulo@rutan.com
mbudiono@rutan.com
mwilliams@rutan.com
svanbuiten@rutan.com
tgoldfinger@rutan.com
nlegum@omm.com
tbyron@byronraphael.com

**Shraiberg Page P.A.**
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By: _/s/ Bradley Shraiberg_
    Bradley Shraiberg, Esq.
    Florida Bar No. 121622
    bss@slp.law

{1031/000/00587865}

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
09/09/2024
CT Log Number 547277967

## Service of Process Transmittal Summary

**TO:** Nicole Deibel, Legal Coordinator
The ODP Corporation
6600 N Military Trl
Boca Raton, FL 33496-2434

**RE:** Process Served in California

**FOR:** Office Depot, LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | HYUNDAI MOTOR COMPANY, et al. vs. HYUNDAI TECHNOLOGY GROUP, INC. |
| **CASE #:** | 823CV1709CBM |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/09/2024 at 09:29 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification, Legal Operations  LegalOperations@officedepot.com |
| | Email Notification, Nicole Deibel  nicole.deibel@officedepot.com |
| | Email Notification, Leonard Ponce  leonard.ponce@officedepot.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
877-564-7529
MajorAccountTeam1@wolterskluwer.com |
| **REMARKS:** | This SOP contains items that require physical delivery |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Process Server on 07/26/2024 at 10:45 | Nicole Deibel, Legal Coordinator
The ODP Corporation | 546964027 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

Page 1 of  2



**CT Corporation**
**Service of Process Notification**
09/09/2024
CT Log Number 547277967

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Sep 9, 2024
**Server Name:** Dion Jones

| Entity Served | OFFICE DEPOT, LLC |
|---|---|
| Case Number | 8:23-CV-1709 CBM |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| Hard Copy | | |



**NATIONWIDE LEGAL, LLC.**
CLIENT ADVANCE ACCOUNT
1609 JAMES M. WOOD BLVD, 2ND FLOOR
LOS ANGELES, CA 90015
(213) 249-9999

CONFIRM ENCASHMENT OF OVER $200.00 W/ THE MAKER @ (213) 249-9999

BANK OF THE WEST
WWW.BANKOFTHEWEST.COM
90-78/1211

5113167

DATE 9/9/24

PAY TO THE ORDER OF _Office Depot, LLC_   $ 61 00/100

_Sixty one 00/100_ ———————————————— DOLLARS

DR# 1ap    CLIENT
NOT TO EXCEED $1,500.00 VOID AFTER 90 DAYS

CONTROL # LA560481

⑊5113167⑊

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| HYUNDAI MOTOR COMPANY, et al. ) <br> *Plaintiff* ) <br> v. ) <br> HYUNDAI TECHNOLOGY GROUP, INC., et al. ) <br> *Defendant* ) | Civil Action No. 8:23-cv-1709 CBM |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Office Depot, LLC
(c/o CT Corp., 330 N. Brand Street, Suite 700, Glendale, CA 91203)
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Veritext Legal Solutions <br> 2 S. Biscayne Blvd., Suite 2250 <br> Miami, FL 33131 | Date and Time: <br> 09/20/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/06/2024

*CLERK OF COURT*

OR

_____    /s/ David R. Eberhart
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Hyundai Motor Company and Hyundai Motor America, Inc._____, who issues or requests this subpoena, are:
David Eberhart, Two Embarcadero Center, 28th Fl., San Francisco, CA 94111; deberhart@omm.com; (415) 984-8700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:23-cv-1709 CBM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

## **DEFINITIONS**

Each word, term, or phrase defined below and used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Central District of California.

1. As used herein, "Hyundai Motor" or "Plaintiffs" shall mean and refer to Plaintiffs Hyundai Motor Company and/or Hyundai Motor America, Inc.

2. As used herein, "You," "Your," or "Office Depot" shall mean and refer to Office Depot, LLC.

3. As used herein, "Defendants" shall mean and refer to Defendants Hyundai Technology, Inc., Hyundai Technology Group, Inc., and General Procurement, Inc.

4. As used herein, "This Litigation" shall mean and refer to the above-captioned case: *Hyundai Motor Company, et al. v. Hyundai Technology Group, Inc., et al.*, No. 8:23-CV-01709-CBM-DFM (C.D. Cal.).

5. As used herein, "HT Website" shall mean and refer to the website <https://hyundaitechnology.com/> and all webpages thereon.

6. As used herein, "HT Products" shall mean and refer to any electronics product sold, advertised for sale, or distributed by You bearing the trademark HYUNDAI in any form, including all products advertised on the HT Website.

7. As used herein, "Person" or "Persons" shall mean and refer to any natural person or entity, firm, association, organization, partnership, business, trust, corporation or public entity, and their officers, directors, members, principals, employees, agents, representatives, subsidiaries, parents, affiliates, acquisitions,

successors or predecessors, all persons acting on their behalf, and any and all persons associated with, affiliated with, or controlled by them.

8. As used herein, "Communicate" and "communication(s)" shall mean and refer to every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise) between individuals or companies whether oral, written, electronic or otherwise, including through e-mail, Slack messaging, instant messaging, and text messaging; whether in-person or telephonic; whether direct or through an intermediary.

9. As used herein, "Document" has the broadest possible meaning under Federal Rule of Civil Procedure 34 and shall mean and include, without limitation, any kind of written, typewritten, computerized, drawn, printed, or recorded material whatsoever, including notes, memoranda, letters, e-mails, text messages, lists, reports, calendar and diary entries, messages (including reports of telephone conversations and conferences), papers, files, minutes, notebooks, telegrams, publications, contracts, recordings, transcriptions of recordings, photographs, databases, pamphlets, checks, work papers, receipts, invoices, bills, purchase orders, shipping orders, contracts, leases, business records, or other any written documentation, as well as any computer generated matter or diskettes, and audio or visual recordings of any kind, and shall include, without limitation, originals, duplicates, all files copies, all other copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips, computer media, magnetic media, and similar materials. For avoidance of doubt, the term "Document" shall also include Electronically Stored Information ("ESI"), within the meaning of the Federal Rules of Civil Procedure. Without limiting the foregoing, the term "Document" includes any copy that differs in any respect from the original or other versions of the Document, including copies containing notations, insertions, corrections, marginal notes, or any other variations.

10. As used herein, "agreement" means any contract, transaction, license,

or other arrangement of any kind, whether attempted, conditional, completed, executed, executory, express, or implied, and whether oral or written, in which rights are granted or obligations are assumed.

11. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

12. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning.

13. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning.

14. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

## TOPICS OF TESTIMONY

1. Your relationship or agreements with each of the Defendants, including Your relationship with each Defendant over time.

2. The first time that You sold or offered for sale HT Products.

3. Defendants' use of HYUNDAI as a trademark on the HT Products that You sold.

4. The prices that You and/or Defendants charge(d) for HT Products and the reasons for such pricing.

5. Your sales, cost, and profit data for HT Products on at least an annual basis.

6. Each type of HT Product that You have sold, including the amount sold of each product, on at least an annual basis.

7. The number, percentage, volume, and/or ratio of HT Products that You sell by year and by type of HT Product.

8. Any product quality, product defects, or quality control measures for HT Products that You have implemented or received from Defendants.

9. Customers' feedback, reviews, comments, posts, and complaints regarding HT Products and Your or Defendants' response(s) and Communications relating to the same.

10. Return requests, exchange requests, repair requests, or warranty claims that You have received related to any HT Product and Your or Defendants' response(s) and Communications relating to the same.

11. The number, percentage, volume, and/or ratio of HT Products that are or were returned by customers after purchase by year in the United States.

12. The number, percentage, volume, and/or ratio of HT Products that You have recalled due to defects or other product quality or functionality issues by year in the United States.

13. Any effort You are aware of to measure customer satisfaction (or lack

of satisfaction) with respect to HT Products.

14. Your knowledge of any statements by Defendants about an alleged affiliation, sponsorship, endorsement, or other commercial relationship between Plaintiffs on one hand, and the HT Products or any of the Defendants on the other hand.

15. Your customers' reviews, comments, posts, and feedback regarding any association or confusion about association between Plaintiffs on one hand and the HT Products or any of the Defendants on the other hand, and Your or Defendants' response(s) and Communications relating to the same.

16. Any analysis by You, including any of Your employees acting in their employment capacity, regarding the quality of any HT Products.

17. Any analysis, comparisons, reports, observations, or communications by You, including any employees of You acting on their employment capacity, regarding HT Products as compared to other consumer electronics sold by You, including any analysis, comparison, report, observations, or communications regarding the quality, defects, recalls, reviews, comments, posts, feedback, returns requests, exchange requests, repair requests, or warranty claims, sales volume, costs, expenses, revenues, and/or profits of or for HT Products as compared to other consumer electronics.

18. Your decision(s) over time regarding whether to continue, increase, decrease, slow, or stop carrying, selling, offering for sale, or marketing HT Products and Communications with any of the Defendants regarding the same.

19. Communications with any of the Defendants regarding this Litigation.